UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACOB R DINSMORE,

    Plaintiff,

v.                                Case No: 6:24-cv-857-JSS-RMN

COHBAR, INC., DAVID GREENWOOD, ALBION FITZGERALD, CAROL NAST, MISHA PETKEVICH, JOSEPH J. SARRET, STEPHANIE TOZZO, and JOANNE YUN,

    Defendants.

_____/

## UNIFORM CASE MANAGEMENT REPORT PROPOSAL

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### I. PROCESS

Plaintiff, Jacob Dinsmore, will establish the dates and timeframes for this case and actions-related; and service said proposal times for the Court's *Uniform Case Management Report* to Defendant's, CohBar, Inc., *et al*, through the Court's proper channels of submission through the Clerk's office. Plaintiff, Jacob Dinsmore, will then immediately mail a copy after submission. Due to the

Defendant's lack of communication and obtuse silence, Plaintiff will motion for an approval of the suggested *dates and deadlines* without the Defendants', *et al*, response. And, in addition, send a documented notice and an official copy of this *Uniform Case Management Report* to the Defendant's Registered Agent via U.S. service mail and as a digital copy via email receipt. Plaintiff, will also send this document and case-related documents to the Defendant's, *et al*, main office address in Menlo Park, California. These locations include, Defendant's Registered Agent: *National Registered Agents*, Inc., address, 1209 Orange Street, Wilmington, Delaware, 19801. And, CohBar, Inc. (Defendants'), *et al*, main office located at 1455 Adams Drive, Suite 1308, Menlo Park, California, 94025.

## II. DATE AND ATTENDEES

Plaintiff, Jacob Dinsmore, will be the only attendee regarding the party of the Plaintiff. Plaintiff, again, will represent himself as his own Counsel. Thus, Pro Se litigant. Plaintiff, Jacob Dinsmore, will be available and appear in attendance for any and ALL MEETINGS AND DISCUSSIONS through his telephone for voice calls, phone calls, and messages. Plaintiff, Jacob Dinsmore, can be contacted and reached through his phone number (321)-297-6484. Plaintiff, will also be actively searching, viewing, and/or responding via his documented email address, *jakethejhead@gmail.com*, for any potential responses by Defendants', et al. In addition, Plaintiff, Jacob Dinsmore, will also be attending these meetings through Google Meet, a video recording and documented time meeting platform by Google for authenticity, accuracy, and proof. These meetings can be accessed, reached, and joined with the GOOGLE Code: *isc-ahjb-gzn* . For clarity, the full link can be copied, and/or pasted in to join: (*see here*: https://meet.google.com/isc-ahjb-gzn). (The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1). ) The party of Plaintiff, Jacob Dinsmore, plans to conduct the necessary "*planning conference*" on June 15th,

2024. Plaintiff, Jacob Dinsmore will be in attendance, exclusively as his sole party *Attendee*. Plaintiff, will send this specified document and case-related material in hopes the Defendant's, et al, mentioned and labeled in this Court case document and Original Complaint as the Defendant's *Attendee*'s in hopes of an approval and/or a response.

### III. DEADLINES AND DATES

The party of Plaintiff, Jacob Dinsmore, proposes a request for these deadlines and dates, in hopes of Defendant's, et al, approval, feedback, and acknowledgement:

| *Action or Event* | *Date* |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | June 20th |
| Deadline for moving to join a party, *See* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *See* Fed. R. Civ. P. 15(a). | June 25th |
| Deadline for serving expert disclosures under Rule 26(a)(2), Including any report required by Rule 26(a)(2)(B). | *Plaintiff*: June 28th<br>*Defendant*: June 28th<br>*Rebuttal*: July 1st |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | Date: July 5th |

Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c).

                                                                                                 Date: July 6th

---

Deadline for filing any dispositive and Daubert motion. *See* Fed. R. Civ. P. 56.

(Must be at least five months before requested trial date.)

                                                                                                 Date: July 10th

---

Deadline for participating in mediation. *See* Local Rules, ch. 4.

(Information of Mediator and/or said Participant: TBA and/or N/A.)

                                                                                                 Date: July 11th

---

Date of final pretrial meeting. *See* Local Rule 3.06(a).

                                                                                                 Date: July 12th

---

Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.)

                                                                                                 Date: July 15th

---

Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b).

                                                                                                 Date: July 24th

---

Month and year of the trial term:

IN THE MONTH OF DECEMBER, FOR THE YEAR OF 2024.

** All Dates listed above are for the YEAR OF 2024.**

---

The trial will last approximately 2 days and be

☑ jury.

### IV. DESCRIPTION OF THE ACTION

Violation of Federal Security Laws. Violation of Federal Security Laws regarding disclosure and judgment assessment. Violation of fiduciary responsibility and negligent misrepresentation of the value, success and the legitimacy of the corporation, CohBar, Inc. by Defendants', *et al*. A lack of information for the Plaintiff, by the Defendants', *et al*, as a dedicated shareholder. The Defendant's actions were in "bad-faith" and of "gross negligence" by Defendant's, *et al*, to shareholder, Plaintiff, Jacob Dinsmore. Violation of Exchange Act of 1934, with *Proposed Rule* sections 14(a) and 20(a). More specifically, Exchange Act 1934: 15 U.S.C. § 78n(a) and 15 U.S.C § 78t(a). Violation through misleading statements, financial projections, and fair value assessment(s).

### V. DISCLOSURE STATEMENT

☑ Each party has filed a disclosure statement using the required form.

### VI. RELATED ACTION

☑ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

### VII. CONSENT to a MAGISTRATE JUDGE

☑ The party of Plaintiff, Jacob Dinsmore, does not or "do not" consent.

### VIII. PRELIMINARY PRETRIAL CONFERENCE

☑ The party of Plaintiff, Jacob Dinsmore, does request or "do request" a preliminary pretrial conference, and the party of Plaintiff, Jacob Dinsmore want to discuss, investor reports, financial disclosures, press release statements, shell company classification by the SEC, conversations between the investor, Plaintiff,

and CohBar, Inc., Board members and/or offices of Executive power- Defendants', *et al*. Conversations between Morphogenesis, now "TuHura Biosciences and Plaintiff, Jacob Dinsmore; and the relationship TuHura Biosciences had with Defendant. Additionally, Defendant's, et al, sparse and lack of communications. Defendants', *et al*, lack of releasing statements regarding CohBar, Inc.'s, structural issues.

## IX. DISCOVERY PRACTICE

☑ The party of Plaintiff, Jacob Dinsmore confirms and complies with his duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. See Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## X. DISCOVERY PLAN

The Party of Plaintiff, Jacob Dinsmore, submit the following discovery plan under Rule 26(f)(2):

A. The Party of Plaintiff, Jacob Dinsmore, agrees to the timing, form, or requirement for disclosures under Rule 26(a):

☑ Yes.

B. Plaintiff states Discovery may be needed on these subjects related to Defendants, *et al*, and their role and/or existence with CohBar, Inc.: negligent misrepresentation, breach of fiduciary responsibility, violation of federal security laws, press releases, financial statements, reverse merger events, financial compensation, stocks, reverse stock split, SEC "shell company" labeling, structural issues of CohBar, Inc., and relationship with privately held Tampa Company, Morphogenesis, now "TuHura Biosciences."

C. The Party of Plaintiff, Jacob Dinsmore, wants Discovery to be, or "should be" conducted in phases:

☑ Yes, these phases shall be finances, press releases, relationships, emails,

conversations, compensation/pay, SEC "Shell Company", reverse merger, dissolution, suspension of drug trials and/or candidates, and structural issues.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☑ Yes, Party of Plaintiff, Jacob Dinsmore, states Defendant's, et al, CohBar, inc. are attempting to dissolve the once NASDAQ publicly-traded company, CohBar, Inc.. The website for CohBar Inc. regarding press releases, investor relations, and financial statements may pose a risk of being deleted or removed. In addition, communications via email (GMail), and LinkedIn messages pose a risk of being deleted and/or purged by the Party of Defendants', *et al*.

E. Plaintiff acknowledges:

☑ The party of Plaintiff, Jacob Dinsmore, has or "have" considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The Party of Plaintiff, Jacob Dinsmore, stipulate to changes to the discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☑ No.

## XI. REQUEST FOR SPECIAL HANDLING

☑ The Party of Plaintiff, Jacob Dinsmore, doesn't or "do not" request special handling.

## XII. CERTIFICATION OF FAMILIARITY with the LOCAL RULES

☑ The Party of Plaintiff, Jacob Dinsmore, certifies or "certify" that I have read and are familiar with the Court's Local Rules.

## XIII. SIGNATURE(S)

_____     _____
Plaintiff, Jacob Dinsmore (Pro Se) June 3rd, 2024     Defendant, CohBar, inc, *et al*